United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES JORDAN EARL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-23-1552 |
| | § | |
| SHERIFF RAND HENDERSON, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed an amended complaint under 42 U.S.C. § 1983 against Montgomery County Sheriff Rand Henderson. (Docket Entry No. 21.) Having considered the amended complaint, the record, and the applicable law, the Court **DISMISSES** the lawsuit for the reasons shown below.

## I. FACTUAL BACKGROUND AND CLAIMS

Plaintiff alleges the following in his amended complaint:

> On multiple occasions between approximately 2/3/23 and 5/1/23 I was denied a reasonably warm tray (of food) or a "johnny" sack. Each incident was documented on the date it occurred via the grievance procedure which was appealled [*sic*] to the Highest Ranks of the Montgomery County jail (Sheriff Rand Henderson) to no avail.
>
> * * *
>
> The Montgomery County jail as administered by Sheriff Rand Henderson does not provide or make available on [*sic*] commissary any implement to floss one's teeth with, nor is any teeth cleaning service available via a dental sick call. As such I have been unable to provide for my necessary dental hygenic [*sic*] needs since the date of my incarceration 9/19/21.

(Docket Entry No. 21, pp. 4, 6.) As judicial relief, plaintiff seeks the following:

> redress for laws that were broken, reimbursement of filing fee, make available on [*sic*] commissary implement to floss teeth with, provide for punitive damages and any dental work necessary due to complaint.

*Id.*, p. 4. Plaintiff's meal service claims arise not from the denial of any meals, but from the intermittent lukewarm temperature of some meals and jail employees' refusals to provide him bagged sandwiches when he refused the lukewarm meals. Plaintiff was subsequently convicted of aggravated assault with a deadly weapon and was transferred to the Texas Department of Criminal Justice where he currently remains.

## II. ANALYSIS

### A. 28 U.S.C. § 1915(e)(2)(B)

Plaintiff is pretrial detainee proceeding *in forma pauperis* and seeking redress from an officer or employee of a governmental entity. His claims are subject to screening under 28 U.S.C. § 1915(e)(2)(B), which provides for *sua sponte* dismissal of the complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The United States Court of Appeals for the Fifth Circuit has held that a complaint lacks an arguable basis in fact when the legal theory upon which a complaint relies is indisputably meritless. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir.

1999). Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). Although courts hold *pro se* plaintiffs to a more lenient pleading standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.*

B. <u>Personal Involvement</u>

It is well-settled that a plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement of the individual alleged to have violated his constitutional rights. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Because § 1983 does not permit supervisory liability on a theory of *respondeat superior*, a defendant

may be held liable in his individual capacity only for his own conduct. *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).

To impose individual liability against Henderson in the instant case, plaintiff must show that Henderson, through his own individual actions, violated plaintiff's constitutional rights. *See Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021). Plaintiff here does not meet this burden. Plaintiff has not pleaded any factual allegations showing that Henderson was personally involved in any of the incidents made the basis of this lawsuit. Instead, he complains that Henderson failed to resolve his grievances. His assertion raises no viable § 1983 claim, as prisoners enjoy no constitutional right to the satisfactory resolution of their custodial grievances. *See Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005); *see also Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007) (holding that a warden's failure to investigate a prisoner's administrative grievance does not amount to a constitutional violation). Consequently, plaintiff's claim that Henderson failed to take action and resolve his grievances fails to state a claim upon which relief can be granted and must be dismissed.

Plaintiff's claims against Henderson in his individual capacity under § 1983 are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief.

C. Supervisory Capacity

Given a liberal construction, plaintiff's amended complaint seeks to hold Henderson liable in his supervisory capacity as the sheriff of Montgomery County. However, as noted

above, § 1983 does not permit supervisory liability on a theory of *respondeat superior*. *James*, 535 F.3d at 373.

A supervisor is liable under § 1983 only "if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). But plaintiff does not allege that Henderson was personally involved in any event about which he here complains, nor does he allege any wrongful conduct by Henderson that caused an alleged constitutional violation. Plaintiff's attempts to hold Henderson constitutionally liable for plaintiff's dissatisfaction with the temperature of certain meals or the lack of certain items in the commissary are precluded by *Thompkins*.

Thus, to the extent plaintiff seeks to hold Henderson liable for his claims predicated on his supervisory status as sheriff of Montgomery County, he fails to state a claim upon which relief can be granted and the claims must be dismissed.

D. Injunctive Relief

Plaintiff has been convicted, sentenced, and transferred to the Texas Department of Criminal Justice, and is no longer in custody of the Montgomery County Sheriff's Office. Consequently, his request for injunctive relief as to availability of certain commissary items at the Montgomery County Jail has become moot and is **DISMISSED AS MOOT**.

## III. CONCLUSION

For the reasons shown above, this lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under § 1983. 28 U.S.C. § 1915(e)(2)(B). Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the 25th day of September, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE